139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Joseph Earl MELING, Defendant-Appellant.
 No. 97-30143.
D.C. No. CR-92-00395-BJR.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1998.
Decided Feb. 24, 1998.
 
 1
 Appeal from the United States District Court for the Western District of Washington Barbara J. Rothstein, District Judge, Presiding.
 
 
 2
 Before BROWNING and O'SCANNLAIN, Circuit Judges, and MARQUEZ, Senior District Judge**.
 
 
 3
 MEMORANDUM*
 
 
 4
 Joseph Meling appeals the district court's denial of his motion for a new trial based on newly discovered evidence. Because we find no abuse of discretion, we affirm.
 
 
 5
 Meling had the burden of demonstrating that the newly discovered evidence, Monte Lee Bridges' confession, would probably result in his acquittal at a new trial. See United States v. Sarno, 73 F.3d 1470 (9th Cir.1995). The district court conducted an exhaustive evidentiary hearing which included the confession. The district court found the confession incredible based upon Bridges' extensive psychiatric history and the numerous inconsistencies in Bridges' statements. The district court's findings are not clearly erroneous and its denial of Meling's motion for a new trial was not an abuse of discretion.
 
 
 6
 The district court properly excluded the testimony of Sheppard Salusky, a psychologist, that he found Bridges' confession credible in light of Bridges' personality disorder. Although the district court could have permitted this testimony even though it embraced an ultimate issue to be decided by the trier of fact, see Fed.R.Evid. 704(a), the court acted within its discretion in excluding the evidence on the ground that it would not assist the court in making its factual determination.
 
 
 7
 We also reject Meling's contention that the district court erroneously permitted the testimony of forensic scientist Kay Sweeney about the condition of the paper on which Bridges' buried confession was written without laying the foundation required for scientific testimony. See Fed.R.Evid. 702. The district court properly determined that Sweeney's testimony met the standard announced in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The court heard Sweeney's explanation of the scientific basis for his opinion that the condition of the note was inconsistent with Meling's claim, and actively questioning Sweeney about variations in conditions, including the container's depth, and their impact on his findings.
 
 
 8
 Even if the district court had erred, the admission of Sweeney's testimony was harmless. Sweeney did not entirely foreclose Bridges' claim that he had buried the note thirty-one months prior to its discovery and there is no indication that his testimony was dispositive to the district court's decision.
 
 
 9
 The district court did not err in admitting the lay opinion testimony of Dorothy Canonic's sister and Monte Bridges' son. Betty Robbins' testimony directly contradicted Bridges' description of Dorothy Canonic, the ostensible mastermind of the tamperings, and directly challenged Bridges's truthfulness. Moreover, Canonic's reputation for lawfulness was established by a different witness, Officer Guthrie, without objection from the defense.
 
 
 10
 Bridges' son testified that he did not think his father was capable of being the Sudafed tamperer. Even if this was prohibited propensity evidence, it was harmless. Defense counsel vigorously pursued this point on re-direct, winning the concession that the product tampering might be a scam consistent with his father's character. Moreover, Bridges himself testified that he had never hurt anyone and never premeditated the death of any person. Thus, Bridges' son's testimony was, at worst, cumulative.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The Honorable Alfredo C. Marquez, Senior Judge, United States District Court for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3